# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2021

Lyle W. Cayce
Clerk

No. 20-40462
Summary Calendar

Robert L. Moody, Jr.,

*Plaintiff—Appellant*,

*versus*

American National Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-206

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Robert Moody, Jr. appeals the district court's order dismissing his case under Federal Rule of Civil Procedure 12(b)(6). The district court determined that Moody pled insufficient facts to establish that he was an employee of Defendant-Appellee American National

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Insurance Company ("ANICO"). We agree with the district court that the Sarbanes-Oxley Act ("the Act") only protects an employee against retaliation by his employer. Because Moody was not an employee of ANICO, the district court correctly concluded that Moody failed to state a claim for whistleblower retaliation. We AFFIRM.

## I.   BACKGROUND

Moody is the owner and president of Moody Insurance Group ("MIG"), an insurance agency, which had a contract with ANICO to sell its insurance products. Under the agreement, MIG or its officers or employees "serve[d] as agent or producer offering insurance products of [ANICO] or its subsidiaries for sale." Moody individually was not a party to the contract. Under the terms of the agreement, either MIG or ANICO could terminate the agreement at any time, with or without cause.

In December 2018, Moody filed a whistleblower complaint with the Occupational Safety and Health Administration ("OSHA") under the Act. Moody asserted that ANICO had retaliated against him by terminating MIG's contract. After the OSHA failed to render a decision on his complaint within 180 days, he filed suit in district court, as permitted by 18 U.S.C. § 1514A(b)(1)(B). In his complaint, Moody again asserted that MIG's contract with ANICO was wrongfully terminated after Moody charged ANICO's officers and board members with violating SEC regulations. Moody asserts that ANICO's cancellation of MIG's contract in retaliation for these charges violated the Sarbanes-Oxley whistleblower-protection provision.

ANICO filed a motion to dismiss in response to Moody's complaint, arguing that Moody was not a covered employee under § 1514A. ANICO asserts that the Act only prohibits a publicly traded company, "or any officer, employee, contractor, subcontractor, or agent of such company" from

No. 20-40462

retaliating against their own employees for whistleblowing. ANICO highlights the fact that throughout his complaint and briefs, Moody pled that he acted as an "insurance agent selling insurance for and on behalf of ANICO as a contractor" and that his employer was MIG, not ANICO. Therefore, ANICO argues, Moody is not a covered employee under § 1514A because he was not retaliated against by his employer.

After considering the briefs and oral hearing on the Rule 12(b)(6) motion to dismiss, the district court issued a written order dismissing Moody's claim. The district court concluded that Moody had pled insufficient facts to establish that he is a covered employee under § 1514A. Moody timely appealed.

## II.    DISCUSSION

### A. Legal Standard

This Court reviews a district court's ruling on a motion to dismiss *de novo*.[1] Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[2] To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must provide "more than labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[3] Ultimately, a plaintiff need

---

[1] *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Id.*

only plead "enough facts to state a claim to relief that is plausible on its face."[4]

### B. Sarbanes-Oxley Act

Under § 1514A of the Act,

> No [publicly traded] company . . . or any officer, employee, contractor, subcontractor, or agent of such company . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee.

18 U.S.C. § 1514A(a).

At issue in this case is whether Moody qualifies as an employee of ANICO and is therefore protected from retaliatory measures under § 1514A(a). The Supreme Court has interpreted this provision to mean that even if an employer is a private contractor or subcontractor for a publicly traded company, such a contractor may not retaliate against its own employees for engaging in protected whistleblowing activity.[5] In *Lawson v. FMR LLC*, Plaintiffs were former employees of private companies that contracted to advise or manage mutual funds who blew the whistle on the mutual funds for committing fraud.[6] The contractors who were Plaintiffs' employers then retaliated against them.[7] The Supreme Court explained that the prohibited retaliatory measures enumerated in § 1514A(a) are actions an

---

[4] *Id.* at 570.

[5] *Lawson v. FMR LLC*, 571 U.S. 429, 441, 459 (2014).

[6] *Id.* at 433.

[7] *Id.*

No. 20-40462

employer takes against its *own* employees.[8] The Court explained that the section's enforcement procedures and remedies make it clear that the whistleblower entitled to protection must be an employee of the retaliator.[9]

*Lawson* is thus distinguishable from the case at hand, as Moody is employed by MIG—not ANICO—and therefore, the alleged retaliatory act he complained of—cancelling MIG's contract—was not done by Moody's employer. Moody's complaint makes it clear that he was an employee of MIG, which was an ANICO contractor.[10]

For these reasons and those stated by the district court in its careful Memorandum Opinion and Order of June 12, 2020, we agree with the district court that Moody has not pled sufficient facts to show that he is a covered employee protected by the Act. Accordingly, we AFFIRM the judgment of the district court.

---

[8] *Id.* at 441 (emphasis in original).

[9] *Id.* at 443.

[10] Moody also attempts to use the Department of Labor Administrative Review Board ("ARB") decision in *Spinner v. David Landau & Assoc., LLC* to support his argument that he is a covered employee under the Sarbanes-Oxley Act. 2012 WL 1999677. However, the whistleblower in *Spinner*—like *Lawson*—was an employee of a private contractor to a public company who was terminated by his own employer after he alleged misconduct by the public company. *Id.*, at *1. Therefore, we disagree that the plaintiff in *Spinner*, who was terminated by his own employer, is similar to Moody, who was not terminated by his employer.